## BENJAMIN PIERCE *vs.* THE INHABITANTS OF CAMBRIDGE.

The president and fellows of Harvard College having built a dwelling-house on land of the corporation within the college yard, and leased the same to one of their professors, to be occupied by him as a residence for himself and his family, at an annual rent; it was held, that this was not an occupation of the real estate of the college by one of its officers, within the exemption from taxation provided by the Rev. Sts. *c.* 7, § 5, clause 2; otherwise, if the building had been built for one of the professors, or officers of the college, and had been occupied by him, with the permission of the college, and without having any estate therein, or paying any rent therefor.

THIS was an action of assumpsit, to recover the sum of $33·60, with interest, being the amount of a tax assessed by the defendants upon the plaintiff, for the year 1845, and paid by the latter, under protest, on the 18th of November, in that year.

The case was submitted to the court of common pleas upon an agreed statement of facts, upon which the court rendered judgment for the defendants; and the plaintiff thereupon appealed to this court.

It appeared, from the statement filed in the court below, and additional facts agreed in this court, that the plaintiff, at the time of the assessment, was a professor of mathematics and astronomy in Harvard College, receiving a salary of $2000, a year; that he was and had been in the performance of his duties as such professor, and was daily taking a part in the instruction and government of the college, and had no other occupation or employment; that the tax in question was assessed upon a lot of land, with a dwelling-house standing thereon, occupied exclusively by the defendant and his family; that the land was part of a larger tract purchased by

the president and fellows of Harvard College in the year 1835, which had never previously formed a part of the college yard, but which was soon after taken into the enclosure, so called; that the part of the land on which was the house occupied by the plaintiff was surrounded by a fence forming a separate enclosure in the college yard; that since the purchase of the land by the college, a tax had been annually assessed by the defendants and paid by the college; that, in the year 1844, the president and fellows of the college built and now own the house so occupied by the plaintiff and his family, and that the plaintiff pays rent therefor, at the rate of $400 a year; that the income of the real estate, which was owned by the college and was under its control, at and before the date of the purchase aforesaid, exceeded five hundred pounds; and that the tax was paid by the plaintiff, after such a demand had been made on him as to entitle him to recover the same in this action, if the tax was not legally assessed.

If the tax was legally assessed, the plaintiff is to be nonsuited; otherwise he is to have judgment for the amount paid by him with interest.

*B. R. Curtis* and *S. E. Guild,* for the plaintiff. 1. The estate occupied by the plaintiff is within the exemption from taxation provided by the Rev. Sts. *c.* 7, § 5, clause 2. Anc. Chart. 80; Const. of Mass. Part II. Chap. V. Sect. I.; *Osborne* v. *Humphrey,* 7 Conn. 335; *Landon* v. *Litchfield,* 11 Conn. 251; *Harvard College* v. *Kettell,* 16 Mass. 204; *Hardy* v. *Waltham,* 7 Pick. 108. 2. The plaintiff is not estopped by previous payments of taxes. *Boston Water Power Co.* v. *Boston,* 9 Met. 199. 3. The plaintiff is entitled to interest, if the tax was illegally assessed. *Sandwich Glass Co.* v. *Boston,* 4 Met. 181.

*E. Buttrick,* for the defendants.

WILDE, J.* The general question to be decided in this case is, whether the dwelling-house, occupied by the plaintiff and his family, in the year 1845, and which was assessed to

---

* The Chief Justice did not sit in this case.

him in a tax by the defendants in that year, was by law liable to taxation.

The plaintiff was a professor of mathematics and astronomy in Harvard College, and the house and land which he occupied was the property of the college, but had been let to him at a rent of $400 a year.

The question turns upon the construction of the Rev. Sts. c. 7, § 5. By that section, it is enacted, that "The personal property of all literary, benevolent, charitable and scientific institutions, incorporated within this commonwealth, and such real estate belonging to such institutions, as shall be actually occupied by them, or by the officers of such institutions, for the purposes for which they were incorporated, shall be exempted from taxation."

It has been argued for the plaintiff, that he is an officer within the meaning of the statute, and, consequently, that the estate occupied by him, and belonging to the college, is exempted from taxation by the express words of the statute.

On the other hand, the defendants contend, that the plaintiff is not an officer within the true meaning of the statute, but a teacher only. Whether all the professors, tutors, lecturers and instructors are to be considered as officers of the college, within the true meaning of the statute, is a question not necessary to be decided in the present case, and upon which we give no opinion; for, admitting that the plaintiff was such an officer, we are of opinion that the house he occupied was not thereby exempted from taxation. The occupation of a lessee was not such an occupation as was intended by the statute. By the lease the plaintiff had an estate in possession in the house and land, and the college had only the reversion; and it is immaterial whether he held the estate by a written or by a parol lease; whether he was tenant for years, or tenant at will. Until the will should be determined, he had an estate in possession for which he might be legally taxed. It would be otherwise, if the building had been built for one of the professors or officers of the college, and had been occupied by the plaintiff with the permission of the

college, and without having any estate therein, or paying any rent therefor.

A distinction somewhat similar is noticed by the court in the case of *Harvard College* v. *Kettell*, 16 Mass. 207. By the general tax acts of the years 1817 and 1818, it was provided, that the president, professors, &c., of Harvard, Williams, and Bowdoin Colleges, respectively, who have their usual residence at those colleges, shall not be assessed for their polls and estate, "under their personal management and improvement;" and that all persons, "who have the management of the estates of those colleges respectively," shall not be assessed for the same. In commenting on this provision, Parker, C. J., remarks: "Probably the phraseology was adopted, to exclude from the exemption all such estates as were in the actual occupation of individuals by lease or otherwise, so that they might be taxed therefor; and to confine it to such estates as were under the management of the college officers, for the benefit of the college; or of agents, who might be specially appointed to take charge of them."

And so we think as to the provision referred to in the Rev. Sts. *c.* 7, § 5, that it never could have been the intention of the legislature to exempt from taxation all the dwelling-houses that might be built and leased to the officers, professors, and instructors of the college. An exemption of so much valuable property from taxation would be a great burden upon the town of Cambridge; and if intended, would have been clearly expressed.

This provision differs from that contained in the colonial law of 1650, by which all lands, tenements, or revenues of Harvard College, not exceeding the value of five hundred pounds a year, were absolutely exempted from taxation, whether they were in their actual occupation, or in the occupation of their officers, or not. Such lands and tenements, as was held in the case of *Hardy* v. *Waltham*, 7 Pick. 108, were equally exempt from taxation in the hands of a lessee, as if in the immediate possession of the college.

It was argued for the plaintiff, that the land on which the

house leased to the plaintiff was erected was before the erection within the college yard, and so exempted, as being in the actual occupation of the college, and so continued after the erection of the house, and the lease to the plaintiff.    But we think it is clear that that exemption ceased after the house and land had been separated from the college yard, and leased to the plaintiff.    We are therefore of opinion, that, upon the facts agreed, the plaintiff was legally taxed for the house and land which he held under a lease from the college, and according to the agreement of the parties, he must be nonsuited.

*Judgment for defendants*